# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0544-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PIETRO J. PARISI, JR., a/k/a PETE
PARISI, and PIETRO K. PARISI,

    Defendant-Appellant.

_____

          Submitted May 6, 2020 – Decided June 26, 2020

          Before Judges Fuentes and Mayer.

          On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Accusation No. 10-08-0636, and Indictment Nos. 08-10-0869 and 09-01-0073.

          Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

          Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Jonathan E.W. Grekstas, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Pietro J. Parisi, Jr. appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues he was denied effective assistance of counsel when his attorney failed to advise him of the potential civil commitment consequences under the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. After reviewing the record developed by the parties, we affirm.

Defendant's criminal history dates back to 1996 with convictions related to the sexual abuse of minors. He has pled guilty on three separate occasions, all involving sexual abuse of minor girls. He challenged each of these guilty pleas through motions to withdraw and PCR petitions. All of these challenges have been rejected by the trial court and upheld on appeal. The third and most recent PCR petition is the subject of this appeal.

On February 2, 2015, when defendant was about to be discharge from a term of imprisonment imposed in 2010 for his conviction of second degree endangering the welfare of a child-distribution of pornography, N.J.S.A. 2C:24-4b(5)(a), the Attorney General filed a petition for civil commitment under the SVPA, and the trial court simultaneously granted the State's request for a Temporary Civil Commitment Order pursuant to N.J.S.A. 30:4-27.24.

On April 27, 2015, the court held a hearing to determine defendant's commitment under the SVPA. The State's experts testified that defendant's "sexual offending history" included: (1) a guilty plea in 1996 to engaging in sexual activity with a twelve year old girl on three separate occasions; (2) a guilty plea in 2003 to having sexual intercourse with three minor girls between the ages of thirteen and fourteen years old, and impregnating one them; and (3) a guilty plea in 2010 to possession of child pornography after law enforcement agents found a large file of pornographic images of children on his computer.

The court found the State proved, by clear and convincing evidence, that defendant had been convicted of a number of predicate acts under the SVPA; and that he continues to suffer from a psychiatric disorder that makes him a danger to the community, especially to prepubescent and pubescent girls. The judge entered a final civil commitment order.

On April 10, 2017, defendant filed a pro se PCR petition challenging his 2010 convictions. On February 2, 2018, an attorney assigned by the Office of the Public Defender to represent defendant in this matter filed an amended verified PCR petition. PCR counsel argued the attorney who represented defendant at the 2010 plea hearing provided him with ineffective assistance

when the attorney "advised [defendant] could not be civilly committed after his sentence."

The PCR judge heard oral argument from counsel on April 20, 2018. The prosecutor characterized defendant's allegations impugning the effectiveness of the attorney who represented him 2010 were disingenuous. The prosecutor argued defendant was a shrewd individual who was well-experienced with the criminal justice system at the time he pled guilty in 2010. The prosecutor noted:

> [Defendant] has been on notice [of the potential for civil commitment] and that's why he said that at the hearing, [j]udge. He didn't say that because he truly wouldn't have pled guilty. He said that because he knew he was going to make this argument. This is a very savvy defendant who is very smart – I will give him that – and he set up his PCR at that plea.

The PCR judge found defendant was procedurally barred from seeking PCR pursuant to Rule 3:22-12 because: (1) he filed this petition more than five years after the court entered the judgment of conviction; (2) did not present any basis from which to find excusable neglect; and (3) there is a no basis from which to find that enforcement of the time bar would result in a fundamental injustice. The PCR judge attached a memorandum of opinion to his order.

Defendant raises the following arguments on appeal:

POINT I

THE PCR COURT ERRED IN FINDING DEFENDANT WAS NOT DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL MISINFORMED DEFENDANT ABOUT THE POSSIBILITY OF CIVIL COMMITMENT RESULTING FROM HIS GUILTY PLEAS.

POINT II

THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING.

POINT III

THE PCR COURT ERRED IN FINDING THAT DEFENDANT'S PCR WAS PROCEDURALLY BARRED UNDER R. 3:22-12.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, the PCR judge correctly found defendant's petition was procedurally barred pursuant to <u>Rule</u> 3:22-12(a).  Defendant filed his PCR petition six years after the trial court's entry of the judgment of conviction. Defendant did not produce any competent evidence to warrant the relaxation of this procedural impediment.  We affirm substantially for the reasons expressed by Judge Robert P. Becker, Jr. in his April 20, 2018 memorandum of opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION